■ JACQUES FLORIVAL, Appellant, v HENRY SAINT FLEURANT et al., Respondents. [635 NYS2d 240] —In an action for an accounting, the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Dowd, J.), dated May 11, 1994, as denied those branches of his renewed motion which were (1) to direct his attorney and the attorney for the defendant Henry Saint Fleurant to each deposit certain monies into their escrow account, (2) to assess the sum owed by Henry Saint Fleurant to him and to direct Henry Saint Fleurant to pay that sum, and (3) for postjudgment costs and interest.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the branches of the plaintiff's renewed motion which were (1) to direct the attorneys to deposit additional sums into their escrow account, (2) to assess the sum owed by Henry Saint Fleurant to him and to direct Henry Saint Fleurant to pay that sum, and (3) for postjudgment costs and interest, are granted, and the matter is remitted to the Supreme Court, Kings County, for further calculations and the entry of an appropriate judgment in accordance herewith.

This case, which has been the subject of numerous legal proceedings spanning almost 10 years, comes to this Court with what can only be described as a tortured procedural history. Accordingly, although all of the prior proceedings have been considered, only those critical to the determination of the issues now before this Court will be discussed.

In January 1986, the plaintiff and the defendant Henry Saint Fleurant purchased property in Brooklyn in order, *inter alia,* to open an automobile repair business. However, the relation-

ship deteriorated and, in March 1987, the plaintiff, asserting that he had been locked out, commenced this action, among other things, for an accounting. By contract dated March 11, 1988, the parties agreed that the plaintiff would sell his share of the subject property and the business located thereon to Saint Fleurant for the sum of $400,500. At that time, Saint Fleurant placed $40,000 into an escrow account. Pursuant to the contract, the escrow monies were to be deposited in an interest bearing account, which was to be administrated by the parties' attorneys. The parties further agreed that the Judicial Hearing Officer (hereinafter JHO) assigned to the case would ultimately determine the value of each parties' share of the property, although the actual transfer of the property occurred in July 1988, prior to the JHO's determination. At the time of the transfer, Saint Fleurant deposited an additional $80,000 into the escrow account, bringing the balance to $120,000.

In June 1990, the JHO, after a hearing, determined, *inter alia*, that Saint Fleurant should deposit an additional $156,163.01 into the escrow account and that the parties were each entitled to one half of the resulting balance, i.e., one half of $276,163.01 or $138,081.50. The JHO further held, that because the parties' attorneys had placed the $120,000 already deposited by Saint Fleurant into a noninterest bearing escrow account (in violation of the March 11, 1988, agreement), the attorneys were liable for the resulting loss of interest, which the JHO calculated to be $10,637.77. Accordingly, by order dated December 20, 1990, the JHO, *inter alia*, ordered (1) Saint Fleurant to deposit $156,163.01 into the escrow account, (2) the attorneys for the parties to deposit $10,637.77 into the escrow account, and (3) that the monies in the escrow account not be distributed to the parties until an outstanding Civil Court judgment and Federal tax lien levied against the property were satisfied. Although a notice of appeal was filed from this order, it was never perfected and the appeal was dismissed. On June 23, 1992, a judgment was entered in favor of the plaintiff and against Saint Fleurant in the principal sum of $156,163.01.

By order to show cause dated March 23, 1994, the plaintiff moved, *inter alia*, to release the monies being held in the escrow account to him. In the plaintiff's moving papers, he noted that neither Saint Fleurant nor his counsel had ever deposited into the escrow account any of the amounts previously ordered to be paid by the JHO. Therefore, the balance of the escrow account was still $120,000. Further, he noted that he had satisfied the Civil Court judgment and Federal tax lien out of his own funds.

In the order appealed from, the court ordered all of the monies being held in the escrow account released to the plaintiff but denied all of the other requested relief. We now reverse the order, insofar as appealed from.

It is not disputed that Saint Fleurant never deposited the additional $156,163.01 into the escrow account as directed by the December 20, 1990, order. Accordingly, the plaintiff is entitled to judgment against Saint Fleurant for one half of what would have been the balance of the escrow account had Saint Fleurant complied with the December 20, 1990, order, i.e., one half of $276,163.01 or $138,081.50, plus interest at the statutory rate of 9% from December 20, 1990 (see, CPLR 5003). Further, it is not disputed that the parties' attorneys failed to pay into the escrow account the amount ordered by the December 20, 1990 order, i.e., $10,637.77 or $5,318.88 each. Accordingly, the plaintiff is entitled to a judgment against each attorney in the amount of $5,318.88, plus interest at the statutory rate of 9% from December 20, 1990 (see, CPLR 5002).

In addition, the court should have granted the plaintiff the costs awarded in the judgment, dated June 23, 1992, in the amount of $815, plus interest at the statutory rate of 9% from that date (see, CPLR 5003).

The plaintiff also settled the Civil Court judgment entered against the property in the amount of $5,984.36 for the sum of $3,500, and satisfied a Federal tax lien on the property in the amount of $21,180.74, out of his personal funds. Thus, he is entitled to reimbursement from Saint Fleurant for one half of the amounts expended, plus interest at the statutory rate of 9% from the respective dates on which the obligations were satisfied (see, CPLR 5001).

Therefore, the matter is remitted to the Supreme Court, Kings County, for entry of a judgment in favor of the plaintiff and against Saint Fleurant, in accordance herewith. The judgment is to be diminished by any amounts which have already been paid to the plaintiff from the escrow account, and the interest calculations are to be adjusted accordingly. Finally, the court is to enter judgment in favor of the plaintiff and against each party's attorney in the amount of $5,318.88, plus interest at the statutory rate of 9% from December 20, 1990.

We have considered the parties' remaining contentions and find them to be without merit. Balletta, J. P., Ritter, Copertino and Friedmann, JJ., concur.